**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JAMES HAYES,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 4:13-cv-2903** |
| | § | |
| **v.** | § | **JURY DEMANDED** |
| | § | |
| **SPAR GROUP, INC. AND SPAR BUSINESS SERVICES, INC.** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S MOTION TO COMPEL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff James Hayes ("Plaintiff") and files this Motion to Compel against his former employers, Spar Group, Inc. and Spar Business Services, Inc. ("Defendants") and in support thereof would show as follows:

1. As per this Court's Order of April 4, 2014, Plaintiff propounded contention interrogatories on both Defendants in this matter. On May 12, 2014, Plaintiff received both Defendants' Answers and Objections.

2. In Interrogatory No. 1 to Spar Group, Inc., Plaintiff asked whether Spar Group, Inc., contended Plaintiff was an independent contractor, and, if so, to state every fact upon which such contention was based, and to describe all documents supporting such contention.

3. Spar Group, Inc. responded that it did not employ Plaintiff nor did it have a contractual relationship with Plaintiff. Spar Group, Inc. further stated that it had no documents responsive to this Interrogatory. *See* Spar Group Inc.'s Responses to Plaintiff's Contention Interrogatories, a true and correct copy of which has been attached hereto as Exhibit "A."

4. Additionally, in response to Interrogatory No. 2 to Spar Group, Inc., Spar Group, Inc. stated that Plaintiff did not perform any work, services, projects or contracts for Spar Group, Inc.

5. Subsequently, on May 12, 2014, Plaintiff's counsel provided counsel for Spar Group, Inc. with a number of emails between Plaintiff and an individual named Larry Taylor. In these emails, Mr. Taylor holds himself out as being a Program Manager with Spar Group, Inc. His email address is reflected as being ltaylor@sparinc.com, and his signature block contains the Internet address for Spar Group, Inc., www.sparinc.com. These emails also show that Mr. Hayes represents himself to Mr. Taylor as being a District Manager with Spar Group, Inc. A true and correct copy of these emails, bates stamped JH 0001 through JH 0012 is attached hereto as Exhibit "B." Additionally, these emails show Plaintiff reporting hours worked to Spar Group, Inc., they show Spar Group, Inc. giving Plaintiff instructions on how to perform his job, and they show Spar Group, Inc. asking Plaintiff to provide reports to Spar Group, Inc. on certain assigned tasks. See Exhibit "B."

6. In light of these emails, Plaintiff's counsel asked counsel for Spar Group, Inc. if she wanted to revise her answers to Plaintiff's Interrogatories. Counsel for Spar Group, Inc. said she did not. *See* email exchange between Plaintiff's counsel and counsel for Spar Group, dated May 13, 2014 at 8:51 a.m., a true and correct copy of which is attached hereto as Exhibit "C."

7. The emails attached as Exhibit "B" establish that Plaintiff had, at a minimum, some sort of a working relationship with Spar Group, Inc., if not an employment relationship. Regardless of the actual type of relationship they show, Spar Group's Interrogatory Response to Interrogatory No. 1 disclaiming <u>any</u> sort of

relationship, and disavowing possession of <u>any</u> documents reflecting any sort of relationship is, at best, incorrect.

8. Plaintiff seeks this Court's intervention in compelling Spar Group, Inc. to revise its answer to Interrogatory No. 1, and to provide any and all documents, including electronically stored documents, such as emails, in its possession, custody, or control reflecting any sort of relationship, whether it be business, employment, or other, with Plaintiff James Hayes. Because these documents may be stored electronically, Plaintiff would additionally ask that he be given access to the computer used by Larry Taylor for forensic analysis, and that he be given access to all of Larry Taylor's emails to and from Plaintiff, wherever they may be stored.

9. Plaintiff also seeks this Court's assistance in allowing Plaintiff to take a 30(b)(6) deposition of a corporate representative of Spar Group, Inc. who would have the most knowledge about Spar Group, Inc.'s working relationship with Plaintiff, Spar Group, Inc.'s working relationship with Larry Taylor, and Spar Group, Inc.'s relationship with the host of other Spar entities currently in existence, including, but not limited to Spar Business Services, Inc. and Spar Marketing Services, Inc.[1]

---

[1] Spar Group, Inc. states that it had no relationship with Plaintiff simply because Plaintiff allegedly signed an Independent Merchandisor Agreement with Spar Business Services, Inc., as if the existence of this document provides irrefutable evidence that Plaintiff could not have had any sort of relationship with Spar Group, Inc. However, the fact that such an agreement exists in and of itself establishes nothing; it certainly does not foreclose the possibility that Plaintiff had some sort of working relationship with Spar Group, Inc., as evidenced by the emails attached hereto as Exhibit B. It should also be noted that although both Spar Group, Inc. and Spar Business Services, Inc. state that Plaintiff signed an Independent Merchandisor Agreement with Spar Business Services, Inc., the actual agreement produced by Spar Business Services, Inc. states that the parties to the agreement were Plaintiff and Spar Marketing Services, Inc., yet another entity in the corporate shell game the Spar entities appear to be running. A true and correct copy of the agreement in question is attached hereto as Exhibit D. Finally, it is worth noting that the website on the footer of each page of the Independent Merchandiser Agreement produced by Spar Business Group, Inc. appears to have come from sparinc.com, which is the website for Defendant Spar Group, Inc.

10. Finally, as discovery is proceeding on an ad hoc basis, Plaintiff would also request that he be allowed to take a 30(b)(6) deposition of a corporate representative of Spar Business Services, Inc. who would have the most knowledge about its relationships with Spar Group, Inc., Plaintiff, Spar Group, Inc. employee Larry Taylor, and Spar Marketing Services, Inc.

Respectfully submitted,

By: /s/ Douglas B. Welmaker

**Douglas B. Welmaker**
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, TX 78701
Tel.: (512) 777-7777
Fax: (512) 340-4051
E-mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF CONFERENCE

I certify that I attempted in good faith to confer with counsel for Defendant Spar Group, Inc. in an effort to resolve this dispute without court action. Despite this fact, the parties were unable to resolve the dispute.

/s/ Douglas B. Welmaker
Douglas B. Welmaker

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Compel has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on August 12, 2014.

/s/ Douglas B. Welmaker
Douglas B. Welmaker